R. L. MOFFETT et al v. C. L. ROBINSON.

**Attachment — Plea in Abatement — Pleadings.**

> A plea in abatement to an attachment writ which does not traverse the causes for which the writ was prayed, is properly stricken from the files.[1]

**Verdict of a Jury — When Sustained.**

> A verdict of a jury which is supported by the evidence will not be disturbed.[2]

Attachment by appellee against appellants in the Circuit Court of Hinds county. From verdict and judgment for plaintiff, defendants appeal.

C. L. Robinson sued out a writ of attachment against R. L. and J. C. Moffett; the grounds for attachment as stated in the affidavit are that the said J. C. Moffett and R. L. Moffett have assigned or disposed of their property or rights in action or some part

---

1

"The defendant in attachment in the Circuit Court may file a plea in abatement, verified by affidavit, traversing the truth of the alleged causes for which said attachment was sued out, and upon such plea being filed, the court, on motion of the defendant, may order a jury to be empaneled, during the term to which the attachment is returnable, or the term of the appearance of the defendant, to try and determine the truth of said causes; and if the jury shall find for the defendant, they shall assess the damages against the plaintiff, for wrongfully suing out the same." Code of 1880, § 2429; Code of 1892, § 165; Code of 1906, § 170.

2

Where the verdict of a jury is not supported by the evidence in the case, it should be set aside by the court. Barnett v. Jayne, 1 Miss. Dec. 65, and cases cited in note 2.

The verdict of a jury will be set aside on consideration of the facts alone, if they fail to sustain it. Allen v. State, 1 Miss. Dec. 126, and cases cited in note.

A verdict will not be allowed to stand where there is palpable failure of the proof to sustain it. In such cases a new trial will be granted. Campbell v. State, 1 Miss. Dec. 413, and cases cited in note.

Manifest error in a verdict is sufficient ground for the reversal of the judgment thereon. Walker v. State, 1 Miss. Dec. 431, and cases cited in note.

The judgment of a Circuit Court will be reversed on the ground that the verdict is wrong, when no error of law is complained of, if the evidence is in-

thereof with intent to defraud their creditors, or they have converted, or are about to convert, their property into money or evidence of debt with intent to place it beyond the reach of their creditors.

Two pleas in abatement were filed by the defendants. The first simply traversed the causes alleged in the affidavit; the second alleged that there was no joint debt, but if any existed at all the debts were separate. On motion of plaintiff the second plea was stricken from the files. The cause then went to trial on the first plea in abatement which resulted in a verdict and judgment for plaintiff, and the cause was then tried on the merits, which also resulted in a verdict and judgment for plaintiff. From that judgment defendants appeal.

APPEALED from Circuit Court, Hinds county, second district, S. S. CALHOON, Judge.

Affirmed, November 6, 1882.

*Attorney for appellant, M. Dabney.*

*Attorneys for appellee, Wells & Williamson.*

Brief of M. Dabney:

The first assignment is well taken. Two or more pleas in abatement may be filed. Pharis *v.* Connor, 3 S. & M. 87; James *v.* Lowell, 7 S. & M. 333; Allison *v.* Lindsey, 12 S. & M. 656.

Two pleas in abatement to an attachment sustained. M. Hodgson *v.* M. Meyer & Co., Opinion Book "H," 158.

Misjoinder of defendants is abatable matter. Chitty Pleading, Vol. I, Am. Ed., 444; Gasquet et al. *v.* Fisher et al., 7 S. & M. 313.

---

sufficient to support the verdict of the jury. Porter *v.* State, 1 Miss. Dec. 555, and cases cited in note.

If the verdict of a jury is contrary to the evidence and the instructions of the court, it should be set aside, and a new trial granted by the court. Turley *v.* Ingram, 1 Miss. Dec. 542, and cases cited in note 1.

The finding of the trial court on the facts will be presumed to be correct, unless it can be said with certainty to be contrary to the weight of the testimony. Lenoir *v.* Peoples Bank, 40 So. 5.

Though the plea might have been defective in form, if the *matter* set up is abatable, the plea could not be struck out *on motion*. See cases cited in Geo. Digest, under "Pleading," VII.

This is not so far a technical defense as might at first appear. By an examination of the testimony given on the trial of the issue on the first plea in abatement, it will be seen that if the verdict was not wholly unwarranted by the evidence it could have been given against neither of defendants except by *combining* the acts and declarations of *both* defendants as though they were *all* of *each* defendant.

Why should the attachment be sustained against J. C. Moffett for acts and declarations of R. L. Moffett? If they were jointly liable and indebted, such facts would be admissible in evidence against either or both, but if not jointly indebted, the acts of one could not be given in evidence against the other.

Suppose A owes B. A is a man against whom nothing can be proved to sustain an attachment, but one C, a notorious swindler in the neighborhood, is always open to an attachment by his doings. Now in order for B to entitle himself to an attachment against A, and to make sure of sustaining it, he joins A and C as the parties defendant, and sues out an attachment against both.

The court then says a plea in abatement for misjoinder is not maintainable, and goes further and says it may be stricken out on *motion*.

The second assignment should be sustained, although I recognize the rule that error on the part of the jury should clearly appear.

It is evident that the jury, and perhaps the judge below, were influenced by the idea that as J. P. Withers had bought this property (the real estate) cheaply, he might pay what was owing to Robinson and still not be loser. Of course this will not do to be said as a sufficient reason in law, yet it no doubt was considered and had its influence to that extent, that the verdict would have been different and perhaps the action of the court on the motion for a new trial, if the sale to Withers had not taken place.

It is evident from the testimony that the grounds of the attachment were not in fact true. Small circumstances of but little import were relied on, this supplemented by Mr. E. E. Baldwin's testimony; a compendium of floating rumors, no doubt greatly ex-

agerated, constituted this case. While the evidence for the defense showed that in almost, if not every, instance in which the cotton of the two plantations was sold, other than to Shattock & Hoffman, *it was to pay debts* to the purchasers of the cotton. And in nearly every one of these instances, the purchasers held rent notes assigned to them by one of the Moffetts, before the deed of trust was given to Shattock & Hoffman. Up to the very day when the attachment was sued out, J. C. Moffett was giving deeds of trust *in good faith to secure debts existing before,* and in the spring of the year had offered to give one to Robinson, if Robinson would supply him that year. The condition of course was added because it was necessary for him to have some property to incumber to get supplies. This was before the deed of trust was given to Shattock & Hoffman.

Additional plea is an amendment. Shropshire *v.* Prob. Judge, 4 How. (Miss.) 142.

Amendments should be liberally allowed to bring the merits fairly to trial. No authorities on this proposition are deemed necessary. This court has recently rendered some decisions very much to the point and are fresh in the minds of the court, no doubt.

The affidavit for attachment avers indebtedness in the sum of $2,181.68, with 6 per cent, from April 1, 1881. The writ of attachment was levied to secure this amount of indebtedness and was a lien on the property to that extent. To give judgment against the attached property for the principal and 10 per cent from April 1, 1881, to date of judgment, and make the lien extend to the additional 4 per cent to accrue before sale, is undoubtedly error. For thus a lien for about $160 would be fixed on property without a levy of attachment for that indebtedness.

Brief of Wells & Williamson:

We will take up these questions as presented by appellant's counsel, and answer them in the order in which he has discussed them.

His first question is as to the propriety of the action of the court below in striking out his second plea in abatement. We admit the proposition that more than one plea in abatement may be filed, but we claim that when more than one plea in abatement is filed

they must be proper pleas. The second plea was not stricken out because it was a *second* plea, but because it was not a proper plea in abatement to the causes of attachment alleged in the affidavit by the plaintiff. Nor do we deny that misjoinder of defendants is abatable matter. But we insist that there is no authority for holding that it is abatable matter which can be plead to the attachment issued under the statute laws of the State. It is abatable matter which could have been plead at the proper time to the merits of this case, and that is what the authorities cited show, and no more. It has long since been settled by this court that the only issue to be tried under an attachment is whether or not it was wrongfully sued out; that the question of indebtedness or no indebtedness cuts no figure in the trial of that issue.

On examining the plea, the court will see that it presents two issues—one that of the misjoinder of the parties, and the other, *non est factum*. The first, pleaded by itself, would be technically a plea in abatement, but the latter is a plea in bar. Evidently, aside from the reasons hereinbefore given, the motion to strike out should have been sustained. See Chitty on Pld., 1 V. 532.

The second question is as to the propriety of the courts refusing to set aside the verdict and grant a new trial. The rule is admitted by opposing counsel that the verdict must be manifestly wrong before the court should disturb it. We feel confident that should your Honors see proper to go into careful analysis of the evidence, which appellants counsel seems afraid to do, you will find ample testimony to sustain the verdict.

There is absolutely nothing in the record to sustain the idea advanced by counsel for appellants that "it is evident that the jury and perhaps the judge below were influenced by the idea that as J. P. Withers had bought this property (the real estate) cheaply, that he might pay what was owing to Robinson and still not be loser." The truth is, that Withers bought the land from the Moffetts with the express understanding that he would pay this debt, and it is evident that he alone is making the defense. But the proof shows that they were running off their cotton and selling it, and pocketing the money. This Baldwin testifies to, and he was in an attitude to know. Shattuck & Hoffman had a deed of trust on the lands and cotton, and Baldwin, their agent, went to the plantations and found that the cotton which should

have gone to settle the mortgage debt had been spirited away. Some of it he was enabled to find, and some of it he never could hear of after it disappeared from the place. In one instance, Henry Moffett, a brother of the defendants, brought two bales from one of the places and sold it to Hinds, the bookkeeper of Mr. Robinson, for cash, and before it was paid for it was ascertained by Mr. Baldwin that it was cotton belonging to one of the defendants, upon which Shattuck & Hoffman had deed of trust. Baldwin informed Hinds and he refused to pay for it. Here is an act of itself sufficient to sustain the attachment. Baldwin says he made known all these facts to Hinds before the attachment was sued out. Besides, Moffett told Robinson to crack his whip and get his money if he could—that he was going to sell out and go to Texas. That the Moffetts were making way with their cotton with the view of placing it beyond the reach of creditors became known to Baldwin and it was the cause of the seizure of the plantations and cotton by him. If this attachment is sustained, it only compels Withers to carry out his contract with the Moffetts. If it is not sustained, it is an irreparable loss to Robinson, as the Moffetts are hopelessly insolvent. Wrong can only accrue if the attachment is not sustained. Right is only upheld if it is sustained. Moffetts now have no interest in the suit, says R. L. Moffett, and it is brought to this court as an experiment by Withers, hoping to beat Robinson out of the money. * * *

The last objection made by appellant's counsel is that "the court erred in giving judgment for 10 per cent interest against the property, the affidavit claiming only 6 per cent." No objection was in any manner made to the 10 per cent in the court below, and we insist cannot be made here for the first time. There was no motion made for new trial on the merits, hence this last question cannot now be considered. N. O. R. R. v. Pressly, 45 Miss. 66; Ricks v. Hilliard, 45 Miss. 359; Wiggle v. Owen, 45 Miss. 691; Anderson v. Leland, 48 Miss. 253; Phillips v. Cooper, 50 Miss. 722; Pfeifer v. Chamberlain, 52 Miss. 89.

But if we admit that this question can be properly considered by this court, then we insist that the judgment was properly rendered. Drake on Attachments, section 227, lays it down thus: "The lien of an attachment is not limited to the amount for which the writ commands the officer to attach;" "but is commensurate

with the amount of the judgment and costs, though that be greater than the sum which the precept of the writ required the officer to secure." See also, Searle *v.* Preston, 33 Maine, 214.

The written document upon which suit was instituted shows an agreement to pay 10 per cent. The mere fact that the affidavit says 6 per cent (a mere clerical error) after suit had been brought on the written agreement to pay 10 per cent, we think is no ground of error.

OPINION.—COOPER, J.:

The second plea to the attachment was rightly stricken from the files. It did not traverse the causes for which the writ had been prayed and ought to have been pleaded to the declaration and not to the attachment. The evidence supports the verdict and the judgment is

*Affirmed.*